UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. CR03-5780FDB |
| KEVIN BUDDE, | ORDER DENYING MOTION TO MODIFY RESTITUTION |
| Defendant. | |

Defendant Budde plead guilty to bank embezzlement and was sentenced on May 6, 2004 to 18 months imprisonment with five years supervised release. Budde's sentence included a requirement to repay the full amount stolen – $212,150 – as restitution. Budde was a branch manager for Seafirst Bank in Camas, Washington and stole the money from the account of an elderly couple who were bank clients; Budde covered up the thefts by holding back the couple's bank related mail and statements. Seafirst Bank reimbursed the stolen funds to the couple and it became the recipient of the restitution required by the Judgment.

Defendant Budde moves to modify his restitution from approximately $170,425 to $50,000. He submits a statement from the Bank reflecting that he has made payments that have reduced the amount owing to approximately $170,425 and that the Bank has "agreed to a lump sum payment

ORDER - 1

from you of $50,000 which will absolve you of the rest of the amount owed on your restitution order." (See letter attached to Defendant's Motion.)

The Government objects to any modification of the amount owed in restitution. The Government cites the Mandatory Victim Restitution Statute (MVRA) at 18 U.S.C. § 3663A, and specifically, Section 3663A(a)(1) which requires restitution for crimes involving fraud or deceit, and Section 3664(f)(1)(A) which provides:

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

In *United States v. Turner*, 312 F.3d 1137 (9th Cir. 2002), the Court acknowledged the District Court's ability to modify a payment schedule, but reversed the district court's order eliminating restitution where MVRA applied. The Court stated:

> Both parties agree that the district court erred by *sua sponte* rescinding its earlier restitution order as void. A court may reduce restitution if it finds that a defendant's economic circumstances have changed. 18 U.S.C. § 3664(k). It may increase restitution on petition by the victim. 18 U.S.C. § 3664(d)(5). It may also resentence a defendant upon a finding that the defendant has defaulted upon his restitution obligation. 18 U.S.C. §§ 3613A, 3614. None of these are present here.

In *Turner*, Eric Sandall, a friend of Turner, approached the banks involved to purchase an assignment of Turner's restitution obligations from them at a discounted value, and an agreement was reached. While upholding the assignment of the restitution asset by the banks to Sandall, the Ninth Circuit stated:

> It appears that the government, and, perhaps, the district judge, fear that when Sandall has received as much repayment as he desires, he will not insist on further payments by his friend and the deterrence intended in the original restitution order will, in the future, somehow be avoided. **Turner is subject to the full amount of restitution.** It is to be paid into the court registry and supervised by the probation office. That office should, pursuant to 18 U.S.C. § 3663(b)(5), recognize and honor as valid the assignment of restitution by the banks to Sandall. The banks' sale of their restitution asset is the banks' business. What Sandall elects to do with the stream of payments he has purchased is for him to say. What may or may not happen in the future was not before the district court. It ought not be before us.

*Id.* at 1144.

ORDER - 2

What Budde is attempting in this case, is to have this Court accept the compromise he has negotiated with the bank. There is, however, no MVRA provision for reducing restitution that applies in this case. Thus, as in *Turner*, while the bank may be willing to compromise the stream of payments promised for a lump sum of significantly less, the Court is not obliged under such circumstances to reduce Budde's obligation to make full restitution and indeed it may not under the MVRA.

ACCORDINGLY, IT IS ORDERED: Defendant Budde's Motion To Modify Restitution [Dkt. # 18] is DENIED.

DATED this 8th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3